1  JOHNNIE A. JAMES, CA Bar No. 144091
   johnnie.james@ogletree.com
2  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
3  400 South Hope Street, Suite 1200
   Los Angeles, CA  90071
4  Telephone:     213-239-9800
   Facsimile:      213-239-9045
5
   TIFFANY S. WOODS, CA Bar No. 257075
6  tiffany.woods@ogletree.com
   OGLETREE, DEAKINS, NASH, SMOAK &
7  STEWART, P.C.
   Park Tower, Fifteenth Floor
8  695 Town Center Drive
   Costa Mesa, CA  92626
9  Telephone:     714-800-7900
   Facsimile:      714-754-1298
10

11 Attorneys for Defendant
   MRC GLOBAL (US), INC.
12

13                       **UNITED STATES DISTRICT COURT**

14                        **EASTERN DISTRICT OF CALIFORNIA**

15 | HARVEY ROGERS, an individual, | Case No. _____ |

16 |           Plaintiff,          | **DEFENDANT MRC GLOBAL (US), INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |

17 |              v.               |

18 | MRC GLOBAL (US), INC., a corporation; and DOES 1 through 20, inclusive, |

19 |           Defendants.         | **[DIVERSITY JURISDICTION]** |

20 | | *[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties; Corporate Disclosure Statement; Notice of Related Cases; and Declarations of Tiffany S. Woods and Tania Casey in Support of Removal]* |

23 | | Complaint Filed: October 6, 2022
     Trial Date: None
     District Judge: Hon. _____
                    Courtroom ___,
                    _____
     Magistrate Judge: Hon. _____
                    Courtroom ___,
                    _____ |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF HARVEY ROGERS AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant MRC Global (US), Inc. ("MRC") hereby petitions this Court to remove this action from the Superior Court of the State of California for the County of Kern to the United States District Court for the Eastern District of California.  MRC makes this petition on the grounds that (1) complete diversity of citizenship exists between Plaintiff Harvey Rogers ("Plaintiff"), a citizen of California, and MRC, a citizen of the States of Delaware and Texas; (2) the amount in controversy exceeds $75,000; and (3) the foregoing facts were also true when Plaintiff filed the Complaint.

**I.   THE STATE COURT ACTION**

1. On or about October 6, 2022, Plaintiff filed an action against MRC entitled "HARVEY ROGERS, an individual, Plaintiff v. MRC GLOBAL (US), INC. a corporation; and DOES 1 through 20, inclusive, in Kern County Superior Court, Case Number BCV-22-102637.

2. The Complaint asserts the following causes of action: (1) Discrimination; (2) Retaliation In Violation of FEHA; (3) Failure to Prevent Discrimination and Retaliation In Violation of FEHA; (4) Failure to Provide Reasonable Accommodation In Violation of FEHA; (5) Failure to Engage in the Interactive Process In Violation of FEHA; and (6) Wrongful Termination In Violation of Public Policy. On November 1, 2022, Plaintiff personally served MRC with the Summons and Complaint and the Civil Case Cover Sheet via its agent for service of process. True and correct copies of these documents are attached collectively as **Exhibit "1"** to the Declaration of Tiffany S. Woods ("Woods Decl.") in support of the Notice of Removal Under 28 U.S.C. § 1441 (B) (DIVERSITY).

3. On November 23, 2022, MRC timely filed and served its Answer to Plaintiff's Complaint in Kern County Superior Court.  A true and correct copy of MRC's Answer is attached as **Exhibit "2"** to the Woods Decl.

**II.   REMOVAL IS TIMELY**

4. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A]

notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*. 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger removal period.)

5. Pursuant to 28 U.S.C. § 1446(b), this removal is timely being filed within thirty (30) days from the date MRC was served with the Summons and Complaint in this matter. Woods Decl. **Exhibits "1" & "2"**

### III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

6. This timely Notice is based on complete diversity of the parties. Plaintiff is a citizen of the State of California, Defendant MRC is a citizen of the States of Delaware and Texas.

#### A. Plaintiff Is A Citizen Of The State Of California

7. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983)). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001).)

8. At all relevant times, including the date the state court action was filed and the date of this removal, Plaintiff was, and still in, a resident and citizen of the State of California. Plaintiff's Complaint sets forth that at all times relevant in this complaint, he "was a resident of the County of Kern, State of California" (Complaint ¶2.) Furthermore, Plaintiff maintained a residential address in the State of California during the entirety of his employment and Plaintiff's last known address is in the State of California. (Declaration of Tania Casey ("Casey Decl.") in Support of Notice of Removal of Action Under 28 U.S.C. § 1441 (B) (DIVERSITY) ¶ 6.) As such, Plaintiff is a resident, domiciliary and citizen of California.

#### B. Defendant MRC Is A Citizen of The States of Delaware and Texas

9. MRC was, at the time the Complaint was filed, and still is, incorporated in the State of Delaware with its principal place of business in Texas. (Casey Decl. ¶¶ 2-4").

1    10.    The Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. In *Hertz Corporation v. Friend, et al*., 130 S.Ct. 1181(2010), the United States Supreme Court adopted the "nerve center" test for determining corporation citizenship in diversity jurisdiction cases.  The Court held that the "'principal place of business' [as contained in section 1332(c)1 is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." (*Ibid*.) The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters ¬ provided that the headquarters is the actual center of direction, control and coordination." (*Ibid*.) MRC's principal place of business is in the State of Texas.  ( Casey Decl. ¶¶2-4.) MRC's executive and administrative operations are currently managed from its Texas location. From its headquarters in Texas, MRC makes and implements company-wide operating, financial and accounting, employee relations and other policy decisions. (*Ibid*.) In addition, MRC's executive officers, including its Chief Executive Officer, Chief Financial Officer, General Counsel and certain other executive leaders maintain their offices at MRC's headquarters in Texas. (*Ibid*.) Under the "nerve center" test, MRC is also a citizen of the State of Texas.

11.    If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. (28 U.S.C. § 1332(c)(1).) MRC is incorporated in Delaware. (Casey Decl. ¶3.) MRC's principle place of business in in Texas. Accordingly, MRC is, and was at the time of filing of the Complaint, and through present date, a citizen of the States of Delaware and Texas, not California.

**IV.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF COST AND INTEREST**

18.    The Court may rely on the Notice of Removal to establish the amount in controversy. 28 U.S.C. 1446 (c)(2)(A)-(B).

19.    A removing party only needs to estimate and allege the amount in controversy; there is no requirement that the removing party submit evidentiary submissions to support that estimate. See *Lewis v. Verizon Communications, Inc.* 627 F.3d 395, 400 (9th Cir. 2010) (holding that, in diversity removals, a removing party needs only to "estimate of the total amount in dispute" that

"need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements"); see also *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) citing *Arias v. Residence Inn by Marriott,* 936 F.3d 920, 922 (9th Cir. 2019) ("when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions.").

20. The Court may also, for removal purposes, look to the pleadings for underlying facts establishing the jurisdictional limit. (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 9th Cir. 1992). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. (*Hunt v. Washington State Apple Advertising Comm 'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin. Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).)

21. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000.00. (*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295 5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. (*Hunt v. Washington, supra* 432 U.S. at 347-48; *Galt G/S v. JSS Scandinavia* 142 F.3d at 1155-56; *Anthony v. Security Pac, Fin 'l Services, Inc., supra* 75 F.3d at 315.)

22. The amount in controversy exceeds the sum of Seventy-Five thousand dollars ($75,000.00), exclusive of interest and costs. MRC has met their burden, without admitting that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his theories, based on the following:

**A.** <u>**Lost Earnings**</u>

23. According to Plaintiff's Complaint, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation… (Compl. ¶¶ 18, 25, 34, 42, 51, 59.) The Court may consider lost earnings in determining the amount

in controversy. (*Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000.)

24. Plaintiff alleges his employment was wrongfully terminated November 9, 2021. (Compl. ¶ 19.) According to MRC's records, at the time of Plaintiff's termination, he was a salaried employee earning approximately $81,600.00 a year, exclusive of his incentive pay. (Casey Decl. ¶ 5.) Plaintiff went out on a medical leave commencing March 19, 2020 and never returned to work. However, according to his wage records, he earned $20,475 from January 1, 2020 to March 17, 2020. (*Ibid.*) According to his 2019 W-2, he earned $84,810.79. (*Ibid.*)

25. Plaintiff's employment concluded on November 9, 2021. (Casey Decl. ¶ 5.) Based on Plaintiff's monthly earnings of at least $6,800.00 per month ($81,600/12), Plaintiff's lost earnings since his alleged wrongful termination on November 9, 2021 currently totals $81,600.00. ($$6,800.00 x 12 months). Therefore, by the time of trial, assuming it is twelve months after removal, Plaintiff's lost earnings will be $163,200.00 ($81,600.00 x 24 months).

**B.      Emotional Distress**

26. According to Plaintiff's Complaint, Plaintiff seeks to recover for non-economic damages, based on alleged that he "has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. (Compl. ¶¶ 19, 26, 35, 43, 50, 60, and Plaintiff's Prayer ¶1.) In addition, Plaintiff's Complaint states that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable…(Compl. ¶¶ 19, 26, 35, 43, 50, 60, and Plaintiff's Prayer ¶1.) Emotional distress damages are properly considered in calculating the amount in controversy. (*Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002).

27. A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000. (*Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660(S.D. Cal. Nov. 17, 2014) (pain and suffering award of $250,000 in discrimination case); *Palma v. Rite Aid Corp.,* (L.A. County Sup. Ct.) 2012 WL 3541952 (award of $3,000,000 in pain and suffering to employee who was terminated in a discrimination case); *Betson v. Rite Aid*

*Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (pain and suffering award of $500,000 to employee in disability harassment action). Plaintiff's allegations that he was discriminated and retaliated against, and wrongfully terminated against because of his disability is similar to the issues in the aforementioned cases and should therefore be considered in the amount in controversy.

### C.     Attorney's Fees

28.    Finally, Plaintiff also seeks attorneys' fees. (Compl. ¶¶ Compl. ¶¶ 22, 24, 37, 45, 52, 62, and Plaintiff's Prayer ¶4.) Attorneys' fee claims are also properly considered in determining the amount in controversy. (*Kroske v. US, Bank Corp.,* 432 F.3d 976, 980(9th Cir. 2005); *Gait G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56(9th Cir. 1998 ["where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"]; *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1010-1011(N.D. Cal. 2002)  ["Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred through resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."])

29.    In employment cases, fee awards for prevailing plaintiffs tend to be high. This amount alone can sometimes eclipse the $75,000.00 amount in controversy requirement for diversity jurisdiction. Nonetheless, here, combined with Plaintiff's claim for lost wages and emotional distress, the amount in controversy most certainly exceeds the $75,000.00 threshold. Therefore, by adding the potential damages for attorneys' fees, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000.00. (*See, e.g., White v. FCI USA, Inc*., 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim combined with a claim for attorney fees was sufficient to exceed the $75,000.00 minimum required to establish diversity jurisdiction).

### V.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

Venue is proper with the Eastern District of California in that this action is presently pending in the Superior Court of the State of California, County of Kern, which is within the venue of the United States District Court for the Eastern District of California.

As required by 28 U.S.C. § 1446, copies of "all process, pleadings, and orders served upon such defendant" regarding the state court action are attached to this Notice of Removal as **Exhibits "1" & "2"** to the Woods Decl., filed concurrently herewith.

As required by 28 U.S.C. §1446(b), the Notice of Removal was filed within 30 days after MRC was served with the Summons and Complaint following the filing of Plaintiff's Complaint.

As required by 28 U.S.C. §1446(d), MRC will provide notice of this removal to Plaintiff through his attorney of record.

As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of Riverside.

## VI.   CONCLUSION

Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, MRC respectfully requests that this Court exercise its removal jurisdiction over this action.

In the event this Court has a question regarding the propriety of this Notice of Removal, MRC requests that court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis of this removal.

DATED:  November 29, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Tiffany S. Woods
Johnnie A. James
Tiffany S. Woods

Attorneys for Defendant
MRC GLOBAL (US), INC.

**PROOF OF SERVICE**
*Harvey Rogers v. MRC Global (US), Inc., et al.*
Case No. _____

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On November 29, 2022, I served the following document(s):

**DEFENDANT MRC GLOBAL (US), INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 29, 2022, at Costa Mesa, California.

*[signature]*
Dianna Kinnamon

**SERVICE LIST**

| | |
|---|---|
| Daniel Azizi, Esq.<br>Liliuokalani Martin, Esq.<br>DOWNTOWN LA LAW GROUP, LLP<br>601 North Vermont Avenue<br>Los Angeles, CA  90004<br>Telephone:    213-389-3765<br>Facsimile:     213-389-2775<br>daniel@downtownlawgroup.com<br>lili@downtownlawgroup.com | Attorneys for Plaintiff<br>Harvey Rogers |