UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY ROGERS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>MRC GLOBAL (US), INC.,<br><br>　　　　　　Defendant. | Case No. 1:22-cv-1533-JLT-CDB<br><br>**ORDER (1) STRIKING JOINT SCHEDULING REPORT (DOC. 9), (2) RESETTING SCHEDULING CONFERENCE, (3) DIRECTING PARTIES TO FILE NEW JOINT SCHEDULING REPORT AND (4) DIRECTING ATTORNEY MICHAEL ZAMAN TO SEEK ADMISSIONS** |

　　　　Pending before the Court is the parties' Joint Scheduling Report (Doc. 9) which the parties timely filed in advance of the Scheduling Conference.

　　　　The Joint Scheduling Report is signed by Plaintiff's attorney Michael Zaman, who, according to Court records, is not admitted to practice in the Eastern District of California. Pursuant to this District's local rules, Mr. Zaman is not permitted to practice in this Court unless and until he applies to be and is admitted to the Bar of this Court. *See* Local Rule 180(b). Accordingly, within seven days of the date of this Order, Mr. Zaman is HEREBY ORDERED to either apply for admissions to this Court consistent with Local Rule 180 or withdraw the "Designation of Counsel for Service" in which Plaintiff purports to designate him as counsel for service in this action (Doc. 8).

　　　　On November 29, 2022, the parties were ordered to submit a "carefully prepared" joint

report in advance of the scheduling conference to be filed and emailed to chambers.  (Doc. 2).  The parties timely filed the joint report but failed to transmit it via email to chambers as directed.

Moreover, the joint report does not appear carefully prepared:  it is captioned as being filed in Kern County Superior Court, cites local rules of the Central District of California, and omits information the parties were ordered to include in the report (*i.e.*, whether a protective order is anticipated, whether depositions will be recorded, a proposed date for mid-discovery status conference, a proposed date for the filing of non-dispositive motions).

Moreover, while the parties recommended in the joint report intervals for discovery and motion practice that greatly exceed the Court's recommended intervals, they failed to comply with the scheduling worksheet's directions that the parties "explain their reasoning" in the joint report for any extended discovery/motion intervals.

Accordingly, for all the forgoing reasons, the Court ORDERS that the parties' Joint Scheduling Report (Doc. 9) is HEREBY STRICKEN.

The Court FURTHER ORDERS that the Scheduling Conference set for February 21, 2023, is HEREBY VACATED, and reset for March 27, 2023, at 9:30 a.m.  The parties are DIRECTED to file a new Joint Scheduling Report, signed by a party-attorney who is admitted to practice in the Eastern District of California and including all the information called for under the Court's Order Setting Mandatory Scheduling Conference (Doc. 2) and addressed herein, no later than one week in advance of the reset Scheduling Conference.

IT IS SO ORDERED.

Dated:   **February 16, 2023**

UNITED STATES MAGISTRATE JUDGE